
*CFK*

E.D.Pa. AO Pro Se 14 ( Rev. 04/18) Complaint for Violation of Civil Rights

# UNITED STATES DISTRICT COURT

for the

Eastern District of Pennsylvania

Jaitee L. Jackson # 09286 - 028

*Plaintiff(s)*
*(Write the full name of each plaintiff who is filing this complaint.*
*If the names of all the plaintiffs cannot fit in the space above,*
*please write "see attached" in the space and attach an additional*
*page with the full list of names.)*

-v-

United States

*Defendant(s)*
*(Write the full name of each defendant who is being sued. If the*
*names of all the defendants cannot fit in the space above, please*
*write "see attached" in the space and attach an additional page*
*with the full list of names. Do not include addresses here.)*

)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No.   **20     359**

*(to be filled in by the Clerk's Office)*

RECEIVED

JAN 2 1 2020

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

(Prisoner Complaint)

---

**NOTICE**

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should not contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include only: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

The Clerk will not file a civil complaint unless the person seeking relief pays the entire filing fee (currently $350) and an administrative fee (currently $50) in advance, or the person applies for and is granted in forma pauperis status pursuant to 28 U.S.C. § 1915. A prisoner who seeks to proceed in forma pauperis must submit to the Clerk (1) a completed affidavit of poverty and (2) a copy of the trust fund account statement for the prisoner for the six month period immediately preceding the filing of the complaint, obtained from and certified as correct by the appropriate official of each prison at which the prisoner is or was confined for the preceding six months. See 28 U.S.C. § 1915(a)(2).

If the Judge enters an order granting a prisoner's application to proceed in forma pauperis, then the order will assess the filing fee (currently $350) against the prisoner and collect the fee by directing the agency having custody of the prisoner to deduct an initial partial filing fee equal to 20% of the greater of the average monthly deposits to the prison account or the average monthly balance in the prison account for the six-month period immediately preceding the filing of the complaint, as well as monthly installment payments equal to 20% of the preceding month's income credited to the account for each month that the balance of the account exceeds $10.00, until the entire filing fee has been paid. See 28 U.S.C. § 1915(b). **A prisoner who is granted leave to proceed in forma pauperis is obligated to pay the entire filing fee regardless of the outcome of the proceeding, and is not entitled to the return of any payments made toward the fee.**

E.D.Pa. AO Pro Se 14 ( Rev. 04/18) Complaint for Violation of Civil Rights

# I. The Parties to This Complaint

## A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

Name     Jaitu L Jackson · 09286 · 028

All other names by which
you have been known:     USP Beaumont PO Box 26030 Beaumont, Tx 77720
ID Number
Current Institution
Address

City     State     Zip Code

## B. The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. Make sure that the defendant(s) listed below are identical to those contained in the above caption. For an individual defendant, include the person's job or title *(if known)* and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

Defendant No. 1

Name     United States
Job or Title *(if known)*     Bureau of Prisons 320 First Street NW
Shield Number     Washington, DC 20534
Employer
Address

City     State     Zip Code

☐ Individual capacity   ☑ Official capacity

Defendant No. 2

Name
Job or Title *(if known)*
Shield Number
Employer
Address

City     State     Zip Code

Defendant No. 3

    Name                   _____

    Job or Title *(if known)*   _____

    Shield Number      _____

    Employer           _____

    Address            _____

                        _____

                        *City*           *State*       *Zip Code*

    ☐ Individual capacity     ☐ Official capacity

Defendant No. 4

    Name                   _____

    Job or Title *(if known)*   _____

    Shield Number      _____

    Employer           _____

    Address            _____

                        _____

                        *City*           *State*       *Zip Code*

    ☐ Individual capacity     ☐ Official capacity

## II.    Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

A.    Are you bringing suit against *(check all that apply)*:

    ☐ Federal officials (a *Bivens* claim)

    ☐ State or local officials (a § 1983 claim)

B.    Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

_____

C.    Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

UNITED STATES DISTRICT COURT
        for the
Eastern District of Pennsylvania

|  |  |
|---|---|
| Jaitee L. Jackson<br>Plaintiff<br><br>V.<br><br>United States<br>Defendant | SUMMONS<br><br>Civil Action No. _____ |

TO THE ABOVE - NAMED DEFENDANTS :

        You are hereby summoned and required to serve upon plaintiff, whose address is USP Beaumont PO Box 26030 Beaumont, Tx 77720 an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service, or 60 days if the U.S. Government or officer / agent thereof is a defendant. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

Clerk of the Court

Date :

UNITED STATES DISTRICT COURT
          for
Eastern District of Pennsylvania


II. Basis for Jurisdiction
Plaintiffs' Federal Tort Claim Act authorized by 28 U.S.C Section 1346


IV. Statement of Claim
No. (1) claim Negligence or Medical Malpractice


1. Due to my chronic affliction with an inflammatory bowel disease called Ulcerative Colitis the United States acting within the course and scope of employment had prescribed at the United States Penitentiary Lewisburg the drug Mesalamine 1.2 GM Delayed Release Tab for the treatment and remission of my chronic Ulcerative Colitis on September 5, 2018 for the duration of the year 2018 as recommended by the Gastroenterologist at an outside clinic.


Note: According to the Gastroenterologist the various brands of the drug Mesalamine Delayed Release Tab is essential to treating an inflammatory bowel disease such as chronic Ulcerative Colitis.


2. My chronic care clinic appointment was held on January 7, 2019 and conducted by the United

States acting within the course and scope of em-
ployment at the United States Penitentiary Lewisburg
in accordance to the clinical guidelines.

3. The United States after electronically reviewing my
medical records and drawing from his clinical
knowledge of the inflammatory bowel disease of Ulcer-
ative Colitis specifically stated at the conclusion of
the appointment that he intended to 'maintain and
renew' the aforementioned prescription as continual
treatment and remission of my chronic Ulcerative
Colitis.

Note: The drug Mesalamine 1.2 GM Delayed Release Tab
requires special approval at the Central Office level
according to the Health Service Administrator and the
Warden. Therefore the aforementioned drug requires
to be managed with diligence to avoid any de-
lay in my having access.

4. For the remainder of the month of January, 2019
the whole month of February, 2019 and most of
the month of March, 2019 went by without the
United States implementing the aforesaid plan of
recommended treatment nor monitoring with dili-
gence the expiration date of the aforementioned
prescription after the chronic care clinic appoint-
ment.

5. As a consequence of the United States not im-

plementing the aforesaid plan of recommended treatment the aforementioned prescription to treat my chronic Ulcerative Colitis was inadvertently allowed to expire in the month of March 2019 until March 26, 2019 subjecting me to a six day hiatus in medication.

6. Due to the United States acting within the course and scope of employment had mismanaged the aforementioned prescription the pharmacy at the United States Penitentiary Lewisburg had denied me access to the drug Mesalamine 1.2 GM Delayed Release Tab to treat my chronic Ulcerative Colitis for a total of six days after submitting two pharmacy refill requests on March 20, 2019 and March 21, 2019 to the Primary Health Care Provider Ms. Ayers PA-C.

7. I had learned through the Administrative Remedy Process on April 4, 2019 and April 15, 2019 that the pharmacy at the United States Penitentiary Lewisburg was not authorized to fill the aforementioned prescription due to the drug Mesalamine 1.2 GM Delayed Release Tab being deemed non-formulary and need final outside approval at the Central Office level according to the Health Service Administrator, S. Brown and Warden, David J. Ebbert.

Note: I had no knowledge nor was I ever informed about my chronic inflammatory condition ever being subjected to any delay in prescription medi-

cation due to an outside special approval process at the Central Office level.

V.                                        Injuries

8. As a consequence of not having readily access to the drug Mesalamine 1.2 GM Delayed Release Tab as recommended and prescribed by an outside Gastro-enterologist.

9. I began to experience on March 23, 2019 moderate inflammation in my large colon in consequence to me enduring excruciating abdominal pain, small a-mounts of blood in my stool, and excessive excretion of mucous from my rectum.

10. After the pharmacy was finally given authoriza-tion to fill the aforementioned prescription on March 26, 2019 and taking the anti-flammatory steroid PredniSone 20 MG Tab in combination with the aforementioned drug for five days as prescrib-ed by the Primary Health Care Ms. Ayers PA-C.

11. The bleeding had stopped but I continued to endure excruciating abdominal pain that interfered with me going to and staying asleep and eating my daily meals at times, painful diarrhea, and excessive excretion of mucous from my rectum from March 23, 2019 to May 23, 2019.

VI.                                        Relief

12. WHEREFORE, plaintiff respectfully prays that this court enter judgment granting plaintiff compensatory damages in the amount of $5,000 against the defendant.

13.                 Verification

I have read the foregoing complaint and hereby verify that the matters alleged therein are true, except as to matters alleged on information and belief, and belief, and belief, and, as to those, I believe them to be true. I certify under penalty of perjury that the foregoing is true and correct.

Executed at USP Beaumont PO Box 26030 Beaumont Tx 77720 on December 24, 2019

Signature _Jaiter Jackson_

Jaiter Jackson
plaintiff

E.D.Pa. AO Pro Se 14 ( Rev. 04/18) Complaint for Violation of Civil Rights

D.    Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

III.    **Prisoner Status**

Indicate whether you are a prisoner or other confined person as follows *(check all that apply)*:

☐    Pretrial detainee

☐    Civilly committed detainee

☐    Immigration detainee

☐    Convicted and sentenced state prisoner

☑    Convicted and sentenced federal prisoner

☐    Other *(explain)*    _____

IV.    **Statement of Claim**

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A.    If the events giving rise to your claim arose outside an institution, describe where and when they arose.

B.    If the events giving rise to your claim arose in an institution, describe where and when they arose.

Page 4 of 11

E.D.Pa. AO Pro Se 14 ( Rev. 04/18) Complaint for Violation of Civil Rights

C.     What date and approximate time did the events giving rise to your claim(s) occur?

D.     What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

## V.  Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

## VI.  Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims.



**U.S. Department of Justice**

Federal Bureau of Prisons

*Northeast Regional Office*

*Via Certified and Return Receipt Mail*

U.S. Custom House-7th Floor
2nd & Chestnut Streets
Philadelphia, PA 19106

December 9, 2019

Jaitee Jackson, Reg. No. 09286-028
USP Beaumont
P.O. Box 26030
Beaumont, TX 77720

    RE:  Administrative Claim No. TRT-NER-2019-04821

Dear Mr. Jackson:

    Your Administrative Claim No. TRT-NER-2019-04821, properly received on June 10, 2019, has been considered for settlement as provided by the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2672, under authority delegated to me by 28 C.F.R. § 543.30. Damages are sought in the amount of $5,000.00, for an alleged personal injury. Specifically, you allege on January 7, 2019, USP Lewisburg staff delayed your access to the medication Mesalamine 1.2 GM Delayed Release.

    An investigation, including a review of your medical records, reflects on January 7, 2019, you were evaluated in Health Services. During the evaluation, you informed the staff that you were doing well with your new dosage of Mesalamine. At that time, the doctor put in an order to renew Mesalamine. On March 20, 2019, staff in Health Services placed an order to renew Mesalamine. On April 11, 2019, staff in Health Services noted you complained about having a flair-up due to missing six days of your Mesalamine dosage. A prescription for Prednisone was ordered to help decrease your flair-up until Mesalamine builds back up in your system. There is no evidence to suggest you experienced a compensable loss as the result of negligence on the part of a Bureau of Prisons employee. Accordingly, your claim is denied.

    If you are dissatisfied with this decision, you may bring an action against the United States in an appropriate United States District Court within six (6) months of the date of this letter.

                Sincerely,

                Darrin Howard
                Regional Counsel

cc:  David J. Ebbert, Warden, USP Lewisburg

REJECTION NOTICE - ADMINISTRATIVE REMEDY

DATE: APRIL 5, 2019

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      NORTHEAST REGIONAL OFFICE

TO  : JAITEE JACKSON, 09286-028
      LEWISBURG USP    UNT: J-BLOCK    QTR: J03-302L
      2400 ROBERT F. MILLER DRIVE
      LEWISBURG,  PA 17837


FOR THE REASONS LISTED BELOW, THIS REGIONAL APPEAL
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.


REMEDY ID      : 973367-R1       REGIONAL APPEAL
DATE RECEIVED  : APRIL 3, 2019
SUBJECT 1      : MEDICAL CARE - DELAY OR ACCESS TO
SUBJECT 2      :
INCIDENT RPT NO:

REJECT REASON 1: YOU MUST FIRST FILE A BP-9 REQUEST THROUGH THE INSTITUTION
                 FOR THE WARDEN'S REVIEW AND RESPONSE BEFORE FILING AN APPEAL
                 AT THIS LEVEL.

DATE RECEIVED
FEDERAL BUREAU OF PRISONS
REGIONAL COUNSEL OFFICE

APR 0 3 2019

NERO-PHILADELPHIA

Regional Director                    Jaitu Jackson Reg 09286-0
Northeast Regional Office             USP Lewisburg
2nd & Chestnut St., 7th Flr           PO Box 1000
Philadelphia, PA 19106                Lewisburg, PA 17837

March 27, 2019

Re: My institutional right to the Administrative Remedy pro-
cess is currently being denied by my unit team at
USP Lewisburg.

On March 27, 2019 I had followed the BOP protocol to
use the Administrative Remedy process at USP Lewisburg by
requesting a BP-8 form regarding medical misconduct that
took place on March 20, 2019 through March 26, 2019
from Counselor Reese. Counselor Reese responded with an-
ger to my request and stated 'good luck with that' and
walked away from my cell door.

A hour or so later I had spoken briefly to the Unit
Manager about my right to the Administrative Remedy pro-
cess regarding the matter mentioned above and Mr Hene-
rickson referred me back to Counselor Reese.

Due to me being denied access to my right to the Ad-
ministrative Remedy process I am forced to file my com-
plaint directly to your office seeking a resolution.

Aitcc Jackson Reg 09286-028

BP-8 form - BP-10          Complaint                    March 25, 2019

Ms Ayers who is currently working in the capacity of a health practitioner at USP Lewisburg is carrying out her daily medical responsibilities in a indifferent and malicious manner which is contrary to the code of conduct of the FBOP.

After properly following the institutional protocol called 'sick call' on March 20, 2019 and March 21, 2019 Ms Ayers - PA had deliberately chosen not to refill my chronic care medication.

Ms Ayers - PA has absolute clinical knowledge of my chronic care condition of ulcerative colitis and is well aware of the afflictions that are associated with the disease if a patient do not have readily access to the Mesalamine as prescribed by a physician.

As a consequence of Ms Ayers - PA malicious medical decision to deprive me of my chronic care medication am enduring excruciating abdominal pain, small amounts of blood in stool, and excessive excretion of mucous from the rectum.

Ms Ayers - PA had eventually made my chronic care medication available on March 26, 2019 at approx 3:15 pm.

                    Resolution

I would like Ms Ayers to put an end to the malpractice as she carry out her medical duties as a health practitioner.

Ms. Ayers who is currently working in the capacity a health practitioner at USP Lewisburg is carrying out her daily medical responsibilities in a indifferent and malicious manner which is contrary to the code of conduct of the FBOP

After properly following the institutional protocol called 'sick call' on March 20, 2019 and March 21, 2019 Ms. Ayers - PA had deliberately chosen not to refill m chronic care medication

Ms. Ayers - PA has clinical knowledge of my chronic care condition of ulcerative colitis and is well a-ware of the afflictions that are associated with the disease if a patient do not have readily access to the drug Mesalamine as prescribed by a physician.

As a consequence of Ms. Ayers - PA malicious medical decision to deprive me of my chronic care medication I am enduring excruciating abdominal pain, small a-mounts of blood in stool, and excessive excretion of mucous from the rectum.

Ms. Ayers - PA eventually made my chronic care medi-cation available on March 26, 2019 at approx. 3:15 pm.

Resolution

I would like Ms. Ayers to put an end to the malpractice she carry out her medical duties as a health practitioner in addition I would like my institutional right to health care taken seriously by Ms. Ayers - PA.

LEW 1330.16A
ADMINISTRATIVE REMEDY PROGRAM
ATTACHMENT A CONTINUED

**FOR STAFF USE ONLY:** (to be completed within 5 working days)

2. Date Received from inmate: ___04-01-2019___

3. Staff Member Assigned to Respond to U/M: ___S. Brown, HSA___

4. Efforts Made to Resolve the Problem: Mr. Jackson, review of your electronic medical record reveals that you are receiving appropriate medical care. The medication you are prescribed is non-formulary and requires approval at the Central Office level. Your refill request was submitted by the primary care provider on 03/20/2019. Final approval was received on 03/26/2019, and you received the medication that same day. No evidence was found to support your allegations. Speak with your primary care provider if you have additional questions or concerns pertaining to medication refills.

5. Applicable Program Statement Used in the Informal Resolution Attempt:
   _____

6. Inmate's Response to Informal Remedy Attempt:

   To respond that my chronic care medication (which I need daily acce requires reapproval from the Central Office level is an attempt to cover up Ms. Ayers-PA medical misconduct which forms the basis of my complaint. I ha simply ran out of the number refills in which I had (exp) been approved and prescribed by Pigos, Kevin MD.

Prepared by: _____  4/2/19

Received by (U/M): _____

Original Returned to Inmate (Date): ___4-4-19___

Cc: Central File

UNICOR FEDERAL PRISON INDUSTRIES, INC.
LEAVENWORTH, KANSAS

DEPARTMENT OF JUSTICE                    **REQUEST FOR ADMINISTRATIVE REMEDY** 4-9-19
Federal Bureau of Prisons

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: Jackson   Jaitie   L           09286 - 028           J        USP Lewisburg
       LAST NAME, FIRST, MIDDLE INITIAL         REG. NO.          UNIT        INSTITUTION

**Part A– INMATE REQUEST** Ms. Ayers is carrying out her medical responsibilities in a indifferent malicious manner.- After properly following the institutional protocol 'Sick call' on Mar. 019 and Mar. 21, 2019 Ms. Ayers had deliberately chosen not to refill my chronic care ation. Ms. Ayers has clinical knowledge of my chronic care condition of ulcerative s and is well aware of the afflictions that are associated with the disease if a nt do not have readily access to the drug Mesalamine as prescribed by a physi-. As a consequence of Ms. Ayers malicious medical decision to deprive me of chronic care medication I am enduring (~~serious~~) excruciating abdominal pain, l amounts of blood in stool, and excessive excretion of mucous from the m. Ms. Ayers eventually made my chronic care medication available on 26, 2019 at approx. 3:15 pm.- End of facts. (See order pharmacy order )

April 10, 2019                                    _____
      DATE                                         SIGNATURE OF REQUESTER

**Part B– RESPONSE**

                          RECEIVED
                          APR 10 2019
                    ADMIN REMEDY CLERK
                      USP LEWISBURG

April
      DATE                                    WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

ORIGINAL: RETURN TO INMATE                    CASE NUMBER: 973916-F1
                                              CASE NUMBER: _____

**Part C– RECEIPT**
turn to: _____
       LAST NAME, FIRST, MIDDLE INITIAL        REG. NO.        UNIT        INSTITUTION

Admin. Remedy No.: 973916-F1
Part B — Response

## ADMINISTRATIVE REMEDY RESPONSE

This is in response to your Request for Administrative Remedy
received April 10, 2019, wherein you claim medical staff
deliberately chose not to refill your chronic care medication.

A thorough review of this matter reveals you are receiving
appropriate medical care in accordance to your clinical
assignments. Medical records indicate you are prescribed
Mesalamine 1.2 GM Delayed Release tablets, which is deemed a
non-formulary medication. Therefore, it requires special
approval prior to the pharmacy filling the prescription. The
primary care provider submitted your prescription renewal for
approval on March 20, 2019. Final approval was received
March 26, 2019, and you received the medication that same day.
No significant information was discovered to support your claim.
If you feel your condition has changed or worsened, sign up for
daily sick call to have your concerns appropriately addressed by
your primary care provider.

Based on the above findings, your request for Administrative
Remedy is denied.

If you are dissatisfied with this response, you may appeal to
the Regional Director, United States Federal Bureau of Prisons,
Northeast Regional Office, United States Customs House-Seventh
Floor, Second and Chestnut Streets, Philadelphia, PA 19106,
within twenty (20) calendar days from the date of this response.

4/15/19
Date

David J. Ebbert, Warden

1 X

LEW  1330.13D
ADMINISTRATIVE REMEDY PROGRAM
ATTACHMENT A

## INFORMAL RESOLUTION ATTEMPT # _____19.020_____

In accordance with Program Statement 1330.13, <u>Administrative Remedy Program</u>, this form will serve as documentation by the respective staff member and the unit manager to indicate an informal attempt to resolve the complaint of the following inmate:

NAME: _Jaitel  Jackson_____    REG NO: _09286-028_____

FORM TO INMATE: _____    STAFF: _J-BLOCK  Counselor_
                    (date)                        (name)        (unit)
*A BP-299 (13) WILL NOT ORDINARILY BE ACCEPTED WITHOUT THIS COMPLETED FORM ATTACHED*

1. NATURE OF COMPLAINT (to be completed by inmate):

Pigos, Kevin MD at USP Lewisburg is not executing his medical obligations at the prison with diligence resulting in a medical policy being negligently implemented in such way that is causing inmates with afflictions to be delayed access to critical chronic care medication and treatment.

Due to my affliction with ulcerative colitis an outside colon specialist (GI) had recommended and Edinger, Andrew MD/ CD and Pigos, Kevin MD had prescribed the drug Mesalamine 1.2 GM Delayed Release Tab for the treatment and remission of my ulcerative colitis.

My chronic care follow-up appointment was scheduled in January or February and was conducted by Pigos, Kevin MD. Pigos, Kevin MD specifically stated at the conclusion of the follow-up appointment that he intended to maintain and renew the prescription of Mesalamine 1.2 GM Delayed Release Tab for continual treatment.

After weeks and months of my chronic care follow-up the recommendation Pigos, Kevin MD recommended never transpired. As one of the consequences of Pigos, Kevin MD

( See  Attachment  x 1 )

failure to up-date or renew the Mesalamine 1.2 GM [
layed Release Tab prescription as he had recommended
at the follow-up appointment my prescription expired sub
jecting my urgent medical need to an outside slow
procedural approval process due to the drug Mesalamine 1.
GM Delayed Release Tab being categorized as non-formula
according to S. Brown, HSA

As a direct consequence of the unavailability of the
critical drug Mesalamine 1.2 GM Delayed Release Tab and the
subjection of my urgent medical need to an outside slow
procedural approval process caused me to experience the su
ffering of excruciating abdominal pain, small amounts of
blood in stool, and excessive excretion of mucous from
the rectum.

The continuation of the prescription Mesalamine 1.2 GM Delay
Release Tab is critical in treatment and remission of m
affliction with ulcerative colitis and should have never
been allowed to expire subjecting me to any form of de
lay or access to treatment.

These facts as written are a direct indication that
Pigos, Kevin MD is not properly monitoring with diligence
my chronic care medical records to avoid such an occur
rence as written above.

## Resolution

I've the institutional right as a chronic care level 2 to re
spectfully request Pigos, Kevin MD to monitor my chronic care
medical records with diligence to avoid any future delay in treatment
any future suffering.

LEW 1330.16A
ADMINISTRATIVE REMEDY PROGRAM
ATTACHMENT A CONTINUED

**FOR STAFF USE ONLY:** (to be completed within 5 working days)

2. Date Received from inmate: ___04-25-2019___

3. Staff Member Assigned to Respond to U/M: ___S. Brown, HSA___

4. Efforts Made to Resolve the Problem: Mr. Jackson, review of your electronic medical record reveals that you are receiving appropriate medical care. Your chronic care clinic was held on 01/07/2019, in accordance to the clinical practice guidelines. Concerns pertaining to your medication were previously addressed in Informal Resolution Attempt #19-014 and Administrative Remedy #973916. You will continue to receive chronic care evaluations as per policy and sick call is available during routine rounds. This request is deemed repetitive and the response is for informational purposes only.

5. Applicable Program Statement Used in the Informal Resolution Attempt:

_____

6. Inmate's Response to Informal Remedy Attempt:

_____

_____

_____

_____

_____

_____

Prepared by: _____ 4/26/19

Received by (U/M): _____ COTTCRML _____

Original Returned to Inmate (Date): ___4.09.19___

Cc: Central File

**VII.   Exhaustion of Administrative Remedies Administrative Procedures**

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures. Your case may be dismissed if you have not exhausted your administrative remedies.

A.   Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

☑ Yes

☐ No

If yes, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

B.   Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?

☑ Yes

☐ No

☐ Do not know

C.   Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all of your claims?

☐ Yes

☐ No

☑ Do not know

If yes, which claim(s)?

E.D.Pa. AO Pro Se 14 ( Rev. 04/18) Complaint for Violation of Civil Rights

D.   Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose
     concerning the facts relating to this complaint?

     ☑ Yes

     ☐ No

     If no, did you file a grievance about the events described in this complaint at any other jail, prison, or
     other correctional facility?

     ☐ Yes

     ☐ No

E.   If you did file a grievance:

     1.  Where did you file the grievance?  Lewisburg USP
                                             2400 Robert. F Miller Drive
                                             Lewisburg, PA 17837

     2.  What did you claim in your grievance?  The United States at USP Lewisburg did not ex-
         ecute its medical obligation at the prison with diligence resulting in a medical policy
         being negligently implemented in such way that is causing inmates with afflictions to be
         delayed access to critical chronic care medication and treatment.

     3.  What was the result, if any?  As a response The United States stated that my
         complaint regarding the matter had been previously address in Informal
         Resolution Attempt # 19-014 and Administrative Remedy # 973916.

     4.  What steps, if any, did you take to appeal that decision? Is the grievance process completed? If
         not, explain why not. (Describe all efforts to appeal to the highest level of the grievance process.)
         Yes. I had filed an Administrative Exhaustion Claim TRT-NER-2019-04821
         in accordance with 28 U.S.C § 2675 (a)

F.   If you did not file a grievance:

   1.   If there are any reasons why you did not file a grievance, state them here:

   _____

   2.   If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any:

   _____

G.   Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

   _____

   *(Note:  You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.)*

## VIII.   Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

To the best of your knowledge, have you had a case dismissed based on this "three strikes rule"?

☐ Yes
☑ No

If yes, state which court dismissed your case, when this occurred, and attach a copy of the order if possible.

A.   Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

☐ Yes

☑ No

B.   If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1.   Parties to the previous lawsuit

   Plaintiff(s) _____

   Defendant(s) _____

2.   Court *(if federal court, name the district; if state court, name the county and State)*

   _____

3.   Docket or index number

   _____

4.   Name of Judge assigned to your case

   _____

5.   Approximate date of filing lawsuit

   _____

6.   Is the case still pending?

   ☐ Yes

   ☐ No

   If no, give the approximate date of disposition. _____

7.   What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

   _____

C.   Have you filed other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment?

E.D.Pa. AO Pro Se 14 ( Rev. 04/18) Complaint for Violation of Civil Rights

☐ Yes

☐ No

D.   If your answer to C is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1.   Parties to the previous lawsuit
     Plaintiff(s) _____
     Defendant(s) _____

2.   Court *(if federal court, name the district; if state court, name the county and State)*

     _____

3.   Docket or index number

     _____

4.   Name of Judge assigned to your case

     _____

5.   Approximate date of filing lawsuit

     _____

6.   Is the case still pending?

     ☐ Yes

     ☐ No

     If no, give the approximate date of disposition _____

7.   What was the result of the case? *(For example:  Was the case dismissed?  Was judgment entered in your favor?  Was the case appealed?)*

     _____

E.D.Pa. AO Pro Se 14 ( Rev. 04/18) Complaint for Violation of Civil Rights

## IX.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.      For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:        1 | 2 | 20

| | |
|---|---|
| Signature of Plaintiff | |
| Printed Name of Plaintiff | Jaitttl L. Jackson |
| Prison Identification # | 09286 - 028 |
| Prison Address | USP Beaumont  PO  Box 26030 |
| | Beaumont                    Tx       77720 |
| | City                    State       Zip Code |

### B.      For Attorneys

Date of signing:

| | |
|---|---|
| Signature of Attorney | |
| Printed Name of Attorney | |
| Bar Number | |
| Name of Law Firm | |
| Address | |
| | City            State        Zip Code |
| Telephone Number | |
| E-mail Address | |

Page 11 of 11

CFK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

Jackson                                    :        CIVIL ACTION
                                           :
            v.                             :
                                           :        NO. **2 0**        **359**
United States of America                   :

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                   ( □ )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.                   ( □ )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( □ )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.                   ( □ )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.                   ( □ )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   **550** ( ⊠ )

JAN 2 1 2020                 Daniel McConnell
**Date**                      **Deputy Clerk**              **Attorney for**

**Telephone**                 **FAX Number**                **E-Mail Address**

(Civ. 660) 10/02

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CFK

**2 0**  **359**

DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____ PO Box 26030, Beaumont. TX 77720 _____

Address of Defendant: _____

Place of Accident, Incident or Transaction: _____ Outside the State of Pennsylvania _____

---

**RELATED CASE, IF ANY:**

Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?     Yes ☐     No ☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?     Yes ☐     No ☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?     Yes ☐     No ☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?     Yes ☐     No ☐

I certify that, to my knowledge, the within case ☐ is / ☐ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 01/21/2020 _____  _Daniel McGrane_____  _____
                               *Attorney-at-Law / Pro Se Plaintiff*     *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.**   *Federal Question Cases:*

☐ 1.  Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2.  FELA
☐ 3.  Jones Act-Personal Injury
☐ 4.  Antitrust
☐ 5.  Patent
☐ 6.  Labor-Management Relations
☑ 7.  Civil Rights     550
☐ 8.  Habeas Corpus
☐ 9.  Securities Act(s) Cases
☐ 10. Social Security Review Cases
☐ 11. All other Federal Question Cases
       *(Please specify):* _____

**B.**   *Diversity Jurisdiction Cases:*

☐ 1.  Insurance Contract and Other Contracts
☐ 2.  Airplane Personal Injury
☐ 3.  Assault, Defamation
☐ 4.  Marine Personal Injury
☐ 5.  Motor Vehicle Personal Injury
☐ 6.  Other Personal Injury *(Please specify):* _____
☐ 7.  Products Liability
☐ 8.  Products Liability – Asbestos
☐ 9.  All other Diversity Cases
       *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____, counsel of record *or* pro se plaintiff, do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: _____  _____  _____
                        *Attorney-at-Law / Pro Se Plaintiff*     *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I X

LEW 1330.13D
ADMINISTRATIVE REMEDY PROGRAM
ATTACHMENT A

## INFORMAL RESOLUTION ATTEMPT # ___19.014___

In accordance with Program Statement 1330.13, <u>Administrative Remedy Program</u>, this form will serve as documentation by the respective staff member and the unit manager to indicate an informal attempt to resolve the complaint of the following inmate:

NAME: _Jaitu Jackson_      REG NO: _09286 - 028_

FORM TO INMATE: _____ 1/1/19 _____    STAFF: _J-BLOCK Counselor_
                       (date)                  (name)    (unit)

*A BP-299 (13) WILL NOT ORDINARILY BE ACCEPTED WITHOUT THIS COMPLETED FORM ATTACHED*

1. NATURE OF COMPLAINT (to be completed by inmate):

Ms. Ayers who is currently working in the capacity of a health practitioner at USP Lewisburg is carrying out her daily medical responsibilities in a indifferent and malicious manner which is contrary to the code of conduct of the FBOP.

~ See Attachment x1 ~

JAITEE Jackson
USP Beaumont
P.O. Box 26030
Beaumont, Tx 77720





Eastern District Of Pennsylvania
Clerk, United States District Court
Philadelphia, PA 19106 - 9865



(Legal Mail)