IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JAITEE L. JACKSON,** | : | CIVIL ACTION NO. 1:20-CV-165 |
| Plaintiff | : | |
| | : | (Judge Conner) |
| v. | : | |
| | : | |
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| Defendant | : | |

**MEMORANDUM**

Plaintiff Jaitee L. Jackson ("Jackson") commenced this action pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671 *et seq.*, alleging that he received inadequate medical care while incarcerated at the United States Penitentiary, Lewisburg, Pennsylvania ("USP-Lewisburg").[1]  (Doc. 2).  The sole named defendant is the United States of America.  The United States moves to dismiss the complaint based on Jackson's failure to file a certificate of merit ("COM") that complies with Rule 1042.3 of the Pennsylvania Rules of Civil Procedure.  (Doc. 20).  For the reasons set forth below, the court will grant the motion.

**I.       Factual Background & Procedural History**

Jackson sets forth a tort claim for "negligence or medical malpractice" against the United States alleging that staff at USP-Lewisburg delayed his access to prescription medication.  (Doc. 2 at 5).  Jackson alleges that he suffers from chronic

---

[1] Jackson initiated this action in the United States District Court for the Eastern District of Pennsylvania.  The action was subsequently transferred to the Middle District of Pennsylvania.  (See Docs. 5, 6).

ulcerative colitis. (Id.) On September 5, 2018, while housed at USP-Lewisburg, Jackson was prescribed the drug Mesalamine to treat his ulcerative colitis. (Id.) Jackson asserts that Mesalamine must be approved at the Central Office Level and must be properly managed in order to avoid any delay in receiving the prescription. (Id. at 6).

On January 7, 2019, Jackson presented to the chronic care clinic and was advised that he would continue to receive Mesalamine to treat his ulcerative colitis. (Id. at 5-6). After this appointment, Jackson alleges that defendant failed to properly monitor his medication for the remainder January 2019, February 2019, and the majority of March 2019. (Id. at 6). As a result, Jackson asserts that his prescription expired on or about March 20, 2019, resulting in a six-day lapse in medication. (Id. at 7). Due to the alleged lapse in medication, Jackson suffered an ulcerative colitis flare-up, consisting of inflammation of his large colon, severe abdominal pain, and blood and mucus in his stool. (Id. at 8).

On March 26, 2019, Jackson's prescription was approved and renewed. (Id.) During this time, Jackson was also prescribed a steroid for a period of five days to treat his flare-up. (Id.) Jackson alleges that his rectal bleeding resolved, but he continued to experience abdominal pain, loose stools, and mucus in his stools through May 23, 2019. (Id.)

The United States now moves to dismiss the complaint. (Doc. 20). Jackson failed to respond to defendant's motion and the time for responding has now passed.[2] Therefore, the motion is deemed unopposed and ripe for resolution.

## II. Legal Standard

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of complaints that fail to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept as true all [factual] allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Kanter v. Barella, 489 F.3d 170, 177 (3d Cir. 2007) (quoting Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005)). Although the court is generally limited in its review to the facts contained in the complaint, it "may also consider matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994); see also In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997).

Federal notice and pleading rules require the complaint to provide "the defendant notice of what the . . . claim is and the grounds upon which it rests." Phillips v. Cnty. of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008) (quoting Bell Atl.

---

[2] Jackson was directed to file a brief in opposition to defendant's motion to dismiss and was admonished that failure to file an opposition brief would result in defendant's motion being deemed unopposed. (Doc. 22) (citing M.D. PA. LOCAL RULE OF COURT 7.6).

3

Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  To test the sufficiency of the complaint in the face of a Rule 12(b)(6) motion, the court must conduct a three-step inquiry.  See Santiago v. Warminster Twp., 629 F.3d 121, 130-31 (3d Cir. 2010).  In the first step, "the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'"  Id. (quoting Ashcroft v. Iqbal, 556 U.S. 662, 675 (2009)).  Next, the factual and legal elements of a claim should be separated; well-pleaded facts must be accepted as true, while mere legal conclusions may be disregarded.  Id.; see also Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009).  Once the well-pleaded factual allegations have been isolated, the court must determine whether they are sufficient to show a "plausible claim for relief."  Iqbal, 556 U.S. at 679 (citing Twombly, 550 U.S. at 556); Twombly, 550 U.S. at 555 (requiring plaintiffs to allege facts sufficient to "raise a right to relief above the speculative level").  A claim "has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678.

**III.   Discussion**

The FTCA "provides a mechanism for bringing a state law tort action against the federal government in federal court," and the "extent of the United States' liability under the FTCA is generally determined by reference to state law."  *In re* Orthopedic Bone Screw Prod. Liab. Litig., 264 F.3d 344, 362 (3d Cir. 2001) (quoting Molzof v. United States, 502 U.S. 301, 305 (1992)).  In the instant case, Jackson

asserts claims of medical negligence under the FTCA.³ Where a federal court is presented with a claim brought under the FTCA, it applies the law of the state in which the alleged tortious conduct occurred. See 28 U.S.C. § 1346(b). Here, the allegedly tortious conduct occurred in Pennsylvania.

In Pennsylvania, medical negligence, or medical malpractice, is defined as "the unwarranted departure from generally accepted standards of medical practice resulting in injury to a patient, including all liability-producing conduct arising from the rendition of professional medical services." Toogood v. Owen J. Rogal, D.D.S., P.C., 824 A.2d 1140, 1145 (Pa. 2003) (citing Hodgson v. Bigelow, 7 A.2d 338 (Pa. 1939)). The existence of an injury, by itself, does not prove a doctor's negligence. Mitchell v. Shikora, 209 A.3d 307, 315 (Pa. 2019) (citations omitted). Rather, to establish a cause of action for negligence under Pennsylvania law, a plaintiff must prove the following elements: (1) a duty or obligation recognized by law; (2) a breach of that duty; (3) a causal connection between the conduct and the resulting injury; and (4) actual damages. See Northwestern Mut. Life Ins. Co. v. Babayan, 430 F.3d 121, 139 (3d Cir. 2005) (citing *In re* TMI, 67 F.3d 1103, 1117 (3d Cir. 1995)).

---

³ Although Jackson labels his complaint as a "*negligence* or medical malpractice" action (Doc. 2 at 5, emphasis supplied), it is clear that Jackson's claims arise out of a relationship with healthcare professionals and sound in medical malpractice. See Ditch v. Waynesboro Hosp., 917 A.2d 317, 322 (Pa. Super. Ct. 2007) (quoting Grossman v. Barke, 868 A.2d 561, 570 (Pa. Super. 2005)) (medical malpractice claims are distinguished from ordinary negligence claims based on two characteristics: (1) "medical malpractice can occur only within the course of a professional relationship" and (2) "claims of medical malpractice necessarily raise questions involving medical judgment"). A review of Jackson's administrative claims confirms that he is pursuing a medical malpractice claim. (Doc. 2 at 12-22).

Under Rule 1042.3 of the Pennsylvania Rules of Civil Procedure, a plaintiff seeking to raise medical malpractice claims must file a valid certificate of merit. That rule states, in pertinent part:

> (a) In any action based upon an allegation that a licensed professional deviated from an acceptable professional standard, the attorney for the plaintiff, or the plaintiff if not represented, shall file with the complaint or within sixty days after the filing of the complaint, a certificate of merit signed by the attorney or party that either
>
> (1) an appropriate licensed professional has supplied a written statement that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm, or
>
> (2) the claim that the defendant deviated from an acceptable professional standard is based solely on allegations that other licensed professionals for whom this defendant is responsible deviated from an acceptable professional standard, or
>
> (3) expert testimony of an appropriate licensed professional is unnecessary for prosecution of the claim.

PA. R. CIV. P. 1042.3(a). The requirements of Rule 1042.3 are substantive in nature and, therefore, federal courts in Pennsylvania must apply these prerequisites of Pennsylvania law when assessing the merits of a medical malpractice claim. See Liggon-Redding v. Estate of Sugarman, 659 F.3d 258, 262-65 (3d Cir. 2011); Iwanejko v. Cohen & Grigsby, P.C., 249 F. App'x 938, 944 (3d Cir. 2007) (nonprecedential). This requirement applies with equal force to counseled complaints and to *pro se* medical malpractice actions brought under state law. See Hodge v. Dep't of Justice, 372 F. App'x 264, 267 (3d Cir. 2010) (nonprecedential) (affirming district court's dismissal of medical negligence claim for failure to file a certificate of merit).

6

The Pennsylvania Supreme Court has noted that "[b]ecause the negligence of a physician encompasses matters not within the ordinary knowledge and experience of laypersons[,] a medical malpractice plaintiff must present expert testimony to establish the applicable standard of care, the deviation from that standard, causation and the extent of the injury." Toogood, 824 A.2d at 1145.  A very narrow exception applies "where the matter is so simple or the lack of skill or care is so obvious as to be within the range of experience and comprehension of even non-professional persons." Hightower-Warren v. Silk, 698 A.2d 52, 54 n.1 (Pa. 1997).  However, three conditions must be met before the doctrine of *res ipsa loquitur*[4] may be invoked: "(a) either a lay person is able to determine as a matter of common knowledge, or an expert testifies, that the result which has occurred does not ordinarily occur in the absence of negligence; (b) the agent or instrumentality causing the harm was within the exclusive control of the defendant; and (c) the evidence offered is sufficient to remove the causation question from the realm of

---

[4] *Res ipsa loquitur* is a rule of evidence permitting an inference of negligence from the circumstances surrounding the injury.  Quinby v. Plumsteadville Family Practice, Inc., 589 Pa. 183, 907 A.2d 1061, 1071 (Pa. 2006).  The Pennsylvania Supreme Court has adopted *res ipsa loquitur* as articulated in the Restatement (Second) of Torts § 328D.  Id. (citation omitted).  Under § 328D, it may be inferred that the harm suffered was caused by the negligence of the defendant when: (a) the event is the kind which does not ordinarily occur in the absence of negligence; (b) the evidence sufficiently eliminates other possible causes, including the conduct of the plaintiff and third parties; and (c) the indicated negligence is within the scope of the defendant's duty to the plaintiff.  If the court determines that these prerequisites are met, it is for the jury to determine whether an inference of negligence should be drawn.  Toogood, 824 A.2d at 1149-50 (holding that before *res ipsa loquitur* may be invoked, plaintiffs must meet the three § 328D conditions).

conjecture, but not so substantial that it provides a full and complete explanation of the event." Toogood, 824 A.2d at 1149-50.

The United States seeks to dismiss Jackson's medical malpractice claim based on his failure to comply with Pennsylvania's certificate of merit requirements. On July 21, 2020, counsel for the United States mailed Jackson a notice of intent to dismiss pursuant to Pennsylvania Rule 1042.6. (See Doc. 16). Jackson filed a purported COM on August 3, 2020. (Doc. 18). In his COM, Jackson summarizes the allegations of the complaint and states that the United States "breached its duty of care" in treating his ulcerative colitis. (Id. at 1). Jackson's COM fails to comply with the requirements of Pennsylvania Rule 1042.3 in that it does not attest that an appropriate licensed professional supplied a written statement that there exists a reasonable probability that the care provided fell outside acceptable professional standards, or that expert testimony of an appropriate licensed professional is not necessary. PA. R. CIV. P. 1042.3(a)(1), (3). Nor does Jackson attest that any claim that the United States deviated from an acceptable, professional standard is based solely on allegations that other licensed professionals for whom the defendant is responsible deviated from an acceptable professional standard. PA. R. CIV. P. 1042.3(a)(2).

Jackson requires expert testimony to establish that medical staff at USP-Lewisburg were negligent in providing medical care for his ulcerative colitis. His claim involves an alleged six-day lapse in prescription medication, which resulted in an ulcerative colitis flare-up. His injury concerns complex issues relating to the standard of care and causation, which he cannot establish without expert

testimony.  Toogood, 824 A.2d at 1151.  This is not a case where a licensed medical professional's deviation from the standard of care and that deviation's causation of injury are obvious and within the realm of a layperson.  Accordingly, the United States' motion to dismiss the medical malpractice claim will be granted based on Jackson's failure to file a COM that substantially complies with the requirements of Rule 1042.3.  See, e.g., Booker v. United States, 366 F. App'x 425, 427 (3d Cir. 2010) (nonprecedential) (the usual consequence for failing to file a certificate of merit that complies with Rule 1042.3 is dismissal of the claim without prejudice).

### IV.     Leave to Amend

Generally, "plaintiffs who file complaints subject to dismissal . . . should receive leave to amend unless amendment would be inequitable or futile."  Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002).  Because the exceptions to filing a certificate of merit under Pennsylvania law do not apply to Jackson's claims, his FTCA claim fails as a matter of law.  Therefore, the court concludes that granting leave to amend would be futile.

### V.      Conclusion

We will grant defendant's motion (Doc. 20) to dismiss.  An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated:     November 17, 2021